IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LS CLOUD STORAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and AMAZON.COM SERVICES, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | 1:22-CV-1167-RP |

## ORDER

Before the Court is Defendants Amazon.Com, Inc.'s, Amazon Web Services, Inc.'s, and Amazon.Com Services, Inc.'s (collectively "Amazon" or "Defendants") motion to dismiss, (Dkt. 10), and the parties' responsive briefing, (Dkts. 13, 19). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Plaintiff LS Cloud Storage Technologies, LLC ("Plaintiff") filed its complaint on March 25, 2022 in the Waco Division of the U.S. District Court for the Western District of Texas. (Compl., Dkt. 1). Plaintiff alleges that Amazon infringes U.S. Patent Nos. 6,549,988 and 10,154,092 (the "'988 patent" and "'092 patent"), which are both patents that purport to use specific pathways and interfaces to improve data storage. (*Id.* at 1–4). Both patents relate generally to "a data storage system that permits independent access from local hosts connected via I/O channels and independent access from remote hosts and remote storage systems connected via network links." ('092 Patent, Dkt. 1-3, at 17, '098 Patent, Dkt. 1-4, at 15). The patents claim to overcome the prior art "by providing concurrent access for both I/O channel attached hosts and network link attached

1

hosts" using separation within one system. ('092 Patent, Dkt. 1-3, at 18, '098 Patent, Dkt. 1-4, at 16). Because of the "front,end/back-end [sic] separation, the storage system is liberated from the I/O channel and network timing dependencies." ((('092 Patent, Dkt. 1-3, at 19, '098 Patent, Dkt. 1-4, at 17).

Plaintiff alleges that Defendants infringe the patents exclusively through charts attached to the complaint. (Dkts. 1-1, 1-2). As to the '098 Patent, Claim 1 shows a computer apparatus with specific hardware, including an I/O adapter, network adapter, and cache memory, and four distinct software elements:

> A computer suitable for use in a data storage system comprising a network interconnecting a plurality of such computers, the computer comprising: an I/O channel adapter for accepting an incoming I/O request from a host; configuration manager software for enabling said I/O channel adapter to decide whether (i) to route said request to cache, (ii) to route said request to disk, or (iii) to reject said request; a network adapter for handling network control traffic; a cache memory; front-end software for handling I/O requests arriving at the I/O channel adapter or the network adapter; cache manager software, responsive to said front-end software, for handling data stored in said cache memory; and back-end software, responsive to said configuration manager software, for handling reads and writes to disks corresponding to the I/O requests but without communication over the I/O channel adapter, thereby separating disk operations from network and I/O traffic.

(Exh. 2, Dkt. 1-2, at 6).

As to the '092 patent, Plaintiff includes a method claim that AWS gateways receive "first data via a network" and "commit the data" with cache memory and "store the newly written data" at a storage device. (Exh. 1, Dkt. 1-1, at 7–9). Plaintiff's claim relies heavily on charts provided by Amazon, such as the following below, which generally show multiple systems and computers operating together to provide cloud-based storage.

2



(Exh. 2, Dkt. 1-2, at 4).

On June 16, 2022, Defendants moved to dismiss Plaintiff's claim under both patents. (Mot. Dismiss, Dkt. 10). The core of Defendants' argument is that Plaintiff fails to identify a particular device or service which actually infringes its patents. (*Id.*). Because the patents involve a highly complex technology, the description is too general to put Defendants on notice of their infringement. (*Id.*). In response, Plaintiff submitted "updated" claim charts—different from those included in its complaint—which purport to overcome the deficiencies alleged in Defendants' motion to dismiss. (Pl.'s Resp., Dkt. 13; Def.'s Reply, Dkt. 19, at 4). While the motion to dismiss was pending, the parties filed a joint motion to transfer to the Austin Division, which was granted by U.S. District Judge Alan Albright. (Order, Dkt. 30).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)

(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

In *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), the Federal Circuit embraced a flexible pleading standard for direct infringement, inquiring "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." The court explained,

> The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device.
> Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.

*Id.* at 1353; *see also Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, F. Supp. 3d, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *2 (W.D. Tex. June 6, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

An element-by-element pleading of fact for each asserted patent claim is not required, *Sesaco Corp. v. Equinom Ltd.*, No. 1:20-CV-1053-LY, 2022 WL 1546642, at *1 (W.D. Tex. Mar. 11, 2022), but: "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). "The complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Michron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

Here, Defendants make three parallel arguments for each patent. First, the infringement claim fails to identify specific devices and software involved and are thus too general to put Defendants on notice of infringement for either patent. (Mot. Dismiss, Dkt. 10, at 5–6, 8–9). According to Defendants, the complaint fails to advance allegations for all claim limitations. (*Id.*). Second, Defendants argue that that, as to the '988 patent, Plaintiff fails to identify an I/O channel adapter in any device. (*Id.* at 6–7). As to the '092 patent, Defendants allege that Plaintiff states two different structures are a "dedicated I/O channel" which means that Defendants do not have fair notice of what is allegedly infringing. (*Id.* at 10). Third, Defendants argue that Plaintiff fails to

5

identify any software that comprises the "configuration manager software" or "back-end software" as to the '988 patent. (*Id.* at 7–8). For the '092 patent, Defendants allege that Plaintiff "never identifies what is alleged to be the claimed 'network' [or] 'interface'" infringing. (*Id.* at 10–11).

The Court will first address the argument that Plaintiff's allegations and charts fail to identify devices or software for each claim limitation. Finding that dismissal is warranted on those grounds, the Court will not address Defendants' remaining arguments.

Plaintiff alleges that the '988 Patent is infringed through claim 1, which involves an "AWS [Amazon Web Services] storage gateway hardware appliance." (Exh. 2, Dkt. 1-2, at 3). The chart describes the appliance as a "physical, standalone, validated server configuration for on-premises deployments." (*Id.*). However, Plaintiff only alleges that the appliance infringes part of the process, and does not, for example, allege that any device infringes on the configuration manager software or back-end software. (*Id.* at 4–13). Plaintiff's diagrams show multiple Amazon systems and devices, including Amazon S3, AWS backup, Amazon FSx for Windows File Server, and Amazon EBS. (*Id.* at 3).

As this Court has stated, "[a] plaintiff cannot establish "why it is plausible that the accused product infringes the patent claim" simply by articulating why the accused product may practice the prior art . . . ." *Grecia*, 605 F. Supp. 3d at 916 (quoting *Bot M8*, 4 F.4th at 1353). Plaintiff does not identify what purportedly infringes the configuration manager or back-end software. As a result, Defendants lack notice as to what meets the limitations of that claim and is entitled to dismissal of the '988 infringement claim. The '092 infringement claim fails for a similar reason. (Exh. 1, Dkt. 1-1, at 1). The complaint does not identify what device within Defendants' AWS storage gateway comprises the corresponding limitation. (*Id.* at 6–7) The mere fact that a cache sends data to the AWS region does not identify what device actually performs that step. Under *Grecia* and *Ancora*, Plaintiff's claim is too vague to state a plausible claim for infringement. *Ancora Techs., Inc. v. Lenovo*

6

*Group Ltd.*, No. 1:19-CV-01712-CFC, 2020 WL 4530718 at *1 (D. Del. Aug. 6, 2020) (granting dismissal where "the Complaint does not match these limitations to components and functions of the Accused Products").

Given the complexity of the technology involved, Plaintiff's level of specificity falls short of the Federal Circuit's *Bot M8* pleading standard. The detail required to plead direct infringement adequately depends on "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8*, 4 F.4th at 1353. Here, the technology at issue is no less complex than the video-game algorithms in *Bot M8* or the digital membership tokens in *Grecia*. Given the complexity of the cloud storage systems, Plaintiff must show that infringement is a reasonable inference to draw. At most, however, Plaintiff has shown that Defendants' technologies relate to the '092 and '998 patent generally. Plaintiff has not shown how each limitation is met. As a result, these allegations amount to "blanket assertions of infringement insufficient to put" Defendants on notice. *Grecia*, 605 F. Supp. 3d at 916.

Plaintiff responds with updated charts that purport to remedy this problem by identifying "AWS Storage Gate software that contains read and write functionality (cache manager software) and shows that the gateway mechanisms are designed to maximize read and write performance without communication over AWS Direct Connect." (Pl.'s Resp., Dkt. 13, at 7–8). Likewise, Plaintiff argues that the "Amazon Storage Gateway" is made available by a system owned and/or operated by Amazon" which renders it sufficient to show what infringes the '092 patent. (*Id.* at 6). However, as Defendant notes, this is a "tacit concession" that the original claim chart was insufficient. (Def.'s Reply, Dkt. 19, at 4–5). A plaintiff may not use a response to add allegations that were not in the original pleading itself. *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 462 n.4 (5th Cir. 2016) ("The complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Regardless of whether Plaintiff's updated claim charts could remedy Defendants' motion to dismiss, they are not properly before the Court.

Finally, the Court addresses Plaintiff's request for leave to amend. (Pl.'s Resp., Dkt. 13, at 8). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (cleaned up). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). That said, a district court "need not grant a futile motion to amend." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872 (5th Cir. 2000).

Defendants argue that the Court should dismiss Plaintiff's complaint with prejudice because even the updated charts would fail to survive its motion to dismiss. The updated charts, however, are not strictly before us as an actual claim, and to consider their ability to survive a Rule 12(b)(6) motion would carry the same effect as treating them as part of the original complaint. Accordingly, the Court will not rule on their sufficiency at this time. Instead, Plaintiff shall have 14 days from the date of this order to file a motion for leave to amend, at which point the Court may properly consider whether to dismiss with prejudice.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' motion to dismiss, (Dkt. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion for leave to amend, if at all, on or before **March 13, 2023**.

**SIGNED** on February 27, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE