IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LS CLOUD STORAGE TECHNOLOGIES,
LLC,

        Plaintiff,

v.                                                                  1:22-CV-1167-RP

AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC.,
and AMAZON.COM SERVICES, INC.,

        Defendants.

## ORDER

Before the Court is Plaintiff LS Cloud Storage Technologies, LLC's ("Plaintiff") Motion for Reconsideration, (Dkt. 35), and Motion to Amend the Judgment, (Dkt. 37). Defendants Amazon.Com, Inc., Amazon Web Services, Inc., and Amazon.Com Services, Inc. (collectively, "Amazon") filed responses to the motions, (Dkts. 36, 38). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motions should be denied.

## I. BACKGROUND

Plaintiff LS Cloud Storage Technologies, LLC ("Plaintiff") filed its complaint on March 25, 2022, in the Waco Division of the U.S. District Court for the Western District of Texas. (Compl., Dkt. 1).[1] Plaintiff alleges that Amazon infringes U.S. Patent Nos. 6,549,988 and 10,154,092 (the "'988 patent" and "'092 patent"), which are both patents that purport to use specific pathways and interfaces to improve data storage. (*Id.* at 1–4).

On June 16, 2022, Amazon filed a motion to dismiss Plaintiff's complaint on the basis that it failed to identify direct infringement for each claim under the Federal Circuit's standard in *Bot M8*.

---

[1] The case was transferred to the Austin Division on October 31, 2022.

(Mot. Dismiss, Dkt. 10 (citing *Bot M8 v. LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021))).

Plaintiff, in response, tacitly acknowledged this deficiency and sought to remedy the complaint by

adding an updated claim chart. (Pl.'s Resp., Dkt. 13). The Court granted Amazon's motion to

dismiss, noting that although Plaintiff's updated claim chart might survive a Rule 12 motion, an

attachment to a response to a motion to dismiss was an improper way to amend a complaint.

 (Order, Dkt. 33). Instead, the Court gave Plaintiff until March 13, 2023, to properly file an amended

complaint with its updated claim chart. (*Id.*).

On March 16, seeing no amended complaint from Plaintiff, the Court dismissed Plaintiff's

claims with prejudice and entered final judgment. (Dkt. 34). A week later, on March 22, Plaintiff

filed the instant motion for reconsideration and to amend its complaint. (Mot., Dkt. 35). In its

motion, Plaintiff represents that its counsel missed the deadline for leave to amend "due to an

internal processing error" and "promptly" moved for reconsideration upon recognition of its error.

(*Id.*). Amazon responded, noting among other things that Plaintiff's motion is properly characterized

as a motion to amend the judgment under Rule 59(e), not a motion for reconsideration under Rule

54. (Defs.' Resp., Dkt. 36, at 3). Six days later, Plaintiff filed a motion to amend the judgment,

invoking many of the same arguments as their motion for reconsideration. (Mot., Dkt. 37). Amazon

responded, arguing that the Court should strike the filing as duplicative. (Defs.' Resp., Dkt. 38).

## II. LEGAL STANDARD

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law

or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th

Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made

before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Altering,

amending, or reconsidering a judgment (or, as here, a quasi-judgment dismissal order) under Rule

59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d

473, 479 (5th Cir. 2004). Indeed, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### III. DISCUSSION

#### A.  Plaintiff's Second Motion is Duplicative

Plaintiff has filed two motions that seek identical relief. (Mots, Dkt. 35, 37). After Amazon's response characterized Plaintiff's first motion for reconsideration as a motion to amend the judgment, Plaintiff submitted a new motion, explicitly invoking Rule 59(e). This amendment, however, is unnecessary, because (1) Rule 60(b), not Rule 59(e), applies here, and (2) courts may treat a motion to reconsider as a motion for relief from judgment or to amend the judgment when appropriate. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336–38 (5th Cir. 2017). A motion asking the Court to reconsider its entry of judgment "constitutes either a motion to 'alter or amend' under" Rule 59(e) or Rule 60(b0. *Texas A&M Res. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). It was therefore unnecessary for Plaintiff to file a separate motion to amend the judgment when that remedy was already available under its existing motion.

Accordingly, Plaintiff's motions are effectively identical—the latter motion serves only to amend the first motion. The Federal Rules of Civil Procedure do not provide parties with a mechanism to amend a previously filed motion. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1194 (4th ed. Apr. 2022). When determining whether to permit a party to amend its prior motion, courts have considered the prejudice to the opposing party, whether doing so is necessary for fair and just adjudication, and whether amendment will help with early resolution. *Id.* Amending a motion "is particularly inappropriate after briefs have been interposed by the opposing parties, oral arguments have been heard, or other forms of reliance have been built up on the basis of the original motion." *Id.* Moreover, courts normally consider amended motions upon a motion for leave to file, which is absent here. *Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.*, No.

3:11cv255/RV/EMT, 2012 U.S. Dist. LEXIS 96525, at *3 n.2 (N.D. Fla. June 13, 2012), *adopted*, 2012 U.S. Dist. LEXIS 96520 (N.D. Fla. July 12, 2012) (citing *In re Repetitive Stress Injury Litigation*, 165 F.R.D. 367, 371 (E.D.N.Y. 1996)). As a result, the Court will strike Plaintiff's motion to amend the judgment, (Dkt. 37). Plaintiff did not seek leave to file an amended motion, does not explain the grounds for amendment, and most problematically, appears to introduce new arguments that would have otherwise been barred in its reply brief. *See Whittington v. Mobiloil Fed. Credit Union*, 1:16-CV-482, 2018 WL 6582824 (E.D. Tex. Oct. 26, 2018), *aff'd*, 780 Fed. Appx. 171 (5th Cir. 2019) (unpublished) (striking amended pleading highly similar to original when party did not seek leave of court). Accordingly, Plaintiff's motion to amend, (Dkt. 37), is stricken, and only the motion for reconsideration remains.

**B. Plaintiff Does Not Show Good Cause Under Rule 59 or 60**

Having struck the duplicative motion, the Court turns to the motion for reconsideration, which seeks to amend the dismissal of Plaintiff's claims with prejudice. As a threshold matter, the original dismissal with prejudice was warranted when Plaintiff failed to timely amend its complaint. "When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. U.S.*, 66 F.3d 95, 97 (5th Cir. 1995) (citing *George v. King*, 837 F.2d 705, 708 n. 2 (5th Cir. 1988)). In its order granting Amazon's motion to dismiss, the Court noted that it could not determine whether the amended claim chart could state a viable claim because Plaintiff had improperly attached to its response to the motion to dismiss. (Order, Dkt. 33). As a result, the updated claim chart was not properly before the Court. (*Id.*). The Court granted Plaintiff leave to amend so that it could "properly consider whether to dismiss with prejudice." (*Id.* at 8). Plaintiff then failed to timely file an amended complaint. Plaintiff's complaint had failed to

state a claim, Plaintiff was given an opportunity to amend, and Plaintiff did not seek amendment, so the Court entered a final judgment dismissing the claims with prejudice. (Final J., Dkt. 34).

Because the dismissal with prejudice was warranted, Plaintiff must seek relief under Rule 59 or 60. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact. *Trevino v. City of Ft. Worth*, 944 F.3d 567, 570 (5th Cir. 2019). As the Fifth Circuit has explained, "Failure to file a response to a motion to dismiss is not a manifest error of law or fact. Nor is it a manifest error to deny relief when failure to file was within Plaintiffs' counsel's 'reasonable control.'" *Id.* at 571 (citations omitted). Accordingly, Plaintiff fails to state a basis for relief under Rule 59.

Relief is equally unavailable under Rule 60. In a Rule 60 motion, a party may seek relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." *Id.* (citing Fed. R. Civ. P. 60(b)). Determining excusable neglect is an equitable decision, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993).

Plaintiff appears to argue that its conduct was excusable neglect, although it never actually invokes that terminology. Plaintiff states that it "failed to timely file a motion for leave . . . due to an internal processing error . . . not caused by any bad acts or intentional misconduct by [Plaintiff] or its counsel." (Mot. Reconsider, Dkt. 35, at 6). Plaintiff's counsel appears to shift blame to his paralegals, stating that "[d]ue to an internal processing error. . . the Order of Dismissal was never reviewed and

5

properly docketed by Plaintiff counsel's docketing paralegals." (*Id.* at 2). In his affidavit, Plaintiff's

counsel goes into even greater length to fault the apparent mistake from his docketing paralegals.

Plaintiff's argument has several flaws. First, whether counsel's attorneys or paralegals failed

to notice the order is immaterial, because counsel of record still have the ultimate responsibility for

ensuring compliance with their professional duties and obligations. *See* Tex. Disciplinary R. Prof.

Conduct 5.03(a). Lawyers do not evade responsibility simply by delegating legal tasks, including

docket monitoring, to paralegals. Further, even accepting that docketing paralegals *were* at fault,

counsel still received notice of the email through ECF, and should have been directly notified of the

order regardless of notice from his paralegals. (Affidavit, Dkt. 35-1, at 1).

Far more concerning, however, is Plaintiff's counsel's repeated use of the same excuse for

missed deadlines across cases. *See, e.g.*, *Missed Call, LLC v. Freshworks, Inc.*, No. 1:22-cv-739, ECF No.

34 at 5:1-8, 20:10- 21:1 (D. Del. Nov. 21, 2022) (Plaintiff's counsel claiming he received order

requiring his attendance at in-person hearing but missed hearing because of an internal docketing

error, despite having received a personal email requiring his attendance); *MCOM IP, LLC v. CSI, Inc.*,

No. 6:21-cv-196 (W.D. Tex. Sept. 30, 2021) (Mot. Ext., Dkt. 12) (Plaintiff's counsel claiming he

missed deadline to oppose motion to dismiss because his firm was switching "docketing

program/systems" over the course of five months—beginning four months before the motion to

dismiss was even filed); (Resp., Dkt. 15 at 3–4) (showing at least four individuals and a litigation

group listserv at Plaintiff's counsel's firm received the electronic notification of filing of the motion

to dismiss); *Safecast Ltd. v. Paramount Global*, No. 6:22-cv-682-ADA (W.D. Tex. Dec. 16, 2022)

(Order, Dkt. 20) (granting motion to dismiss as unopposed for plaintiff's failure to timely respond,

characterizing plaintiff's counsel as a "repeatedly late filer[]," and collecting cases).

The standard for excusable neglect is an equitable one. And the equities do not lie with

Plaintiff. At best, Plaintiff's counsel has been aware of his failures to timely file and monitor dockets

for several years preceding this case and taken no sufficient action to address these issues. At worst,

counsel has cited the same "docketing issues" as an excuse to cover for his untimely filings. Whether

the Court credits Plaintiff's counsel's explanation or not, he has failed to show excusable neglect.

In addition, Amazon would suffer prejudice if relief were granted. In general, simply

resuming litigation does not constitute serious prejudice. *Glenn v. Carter*, No. W-09-CV-071, 2010

WL 11542080, at *2 (W.D. Tex. May 24, 2010). However, because Plaintiff's claims were dismissed,

Amazon is now barred from challenging the patents' validity at the Patent Office through *inter partes*

review ("IPR"), unless permitted to join another party's specifically instituted grounds and claims.

*See* 35 U.S.C. § 315(b). Because Amazon is now cabined into an "understudy" role in IPR, it will be

seriously prejudiced if Plaintiff's claims may resume but Amazon could not fully pursue an IPR

proceeding.

### IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiff's motion for reconsideration,

(Dkt. 35), is **DENIED**.

Plaintiff's motion to amend the judgment, (Dkt. 37), is **STRICKEN**.

**SIGNED** on September 21, 2023.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE